UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO T. BOGGS,

                      Petitioner,                      Case No. 5:17-cv-11909
                                                                  Hon. John Corbett O'Meara

SHERMAN CAMPBELL,

                      Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [Dkt. 8], (2) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND (3) DENYING CERTIFICATE OF APPEALABILITY AND PERMISSION TO APPEAL IN FORMA PAUPERIS**

Ricardo T. Boggs, ("Petitioner"), a Michigan Department of Corrections prisoner, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Petitioner's Wayne Circuit Court conviction for first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1)(c), and larceny in a building, MICH. COMP. LAWS § 750.360. Petitioner was sentenced as a fourth-time habitual felony offender to 15-to-25 years for the home-invasion conviction, 7-to-12 years for the criminal sexual conduct conviction, and 30 months-to-8 years for the larceny conviction.

This matter is before the Court on Respondent's motion to dismiss the petition on the grounds that it was filed after expiration of the statute of limitations. [Dkt. 8]. Petitioner has filed an answer to the motion, asserting that he is entitled to equitable tolling on the grounds that his mental incompetence excuses his untimely petition. The Court will grant Respondent's motion for summary judgment and dismiss the case because Petitioner failed to comply with the one-year limitations period under 28 U.S.C. §2244(d), and Petitioner has failed to demonstrate that he is entitled to equitable tolling. The Court will also deny Petitioner a certificate of appealability and

deny permission to proceed on appeal in forma pauperis.

## I. Background

The Michigan Court of Appeals summarized the facts regarding Petitioner's conviction as follows:

> Defendant unlawfully entered the victim's first-floor Detroit apartment, through a bedroom window, and then sexually assaulted her and stole her cell phone. After he fled, the police were able to track defendant's location using the GPS technology on the victim's cell phone. After defendant refused to participate in a live lineup, the victim unequivocally identified him in a photographic array. On appeal, defendant raises issues related to his competency to stand trial and criminal responsibility.

*People v. Boggs*, No. 324418, 2016 WL 555857, *1 (Mich. Ct. App. Feb. 11, 2016).

Following Petitioner's conviction Petitioner's appellate counsel filed an appeal of right. While the appeal was pending, Petitioner's appellate counsel filed a motion for new trial, asserting that Petitioner had been incompetent to stand trial. A hearing was held on the motion on May 22, 2015. Following argument, the trial court issued an opinion denying the motion, finding in part:

> [T]he record is clear that Mr. Boggs underwent evaluation for both competency to stand trial and criminal responsibility, and the medically trained and qualified personnel from the Center for Forensic Psychiatry opined that he was both able to understand and assist in his defense and was not insane at the time of the offense.

Dkt. 9-10, at 4.

Petitioner's appellate brief filed in the Michigan Court of Appeals raised two claims: (1) Petitioner was denied the effective assistance of trial counsel for failing to challenge Petitioner's competency to stand trial and his criminal responsibility, and (2) Petitioner was incompetent to stand trial. On February 11, 2016, the Michigan Court of Appeals issued an unpublished opinion affirming Petitioner's convictions. *Boggs*, 2016 WL 555857.

With respect to Petitioner's competency claim, the Court found:

> Defendant was evaluated by a forensic psychologist and determined to be both competent and criminally responsible. Defense counsel stipulated to the competency evaluation and produced no evidence to the contrary. In addition, as previously mentioned, defense counsel informed the court that, after discussing the case with defendant "in some detail," he believed that defendant understood "the nature of the charges" and was able to assist in his defense. In light of this record, the trial court did not abuse its discretion in finding defendant competent to stand trial.

*Id.*, at 4.

Petitioner then attempted to file an application for leave to appeal in the Michigan Supreme Court, but it was rejected on August 8, 2016, because it was filed after expiration of the 56-day limit for filing a delayed application for leave to appeal. Dkt. 9-12.

Petitioner then pursued the present action. He did not date his petition, but the proof of service is dated June 6, 2017. The petition was filed on June 12, 2017.

## II. Standard of Review

Though Respondent styles his motion as a motion to dismiss, it is properly construed as one of summary judgment because the motion and the record before the Court includes documents outside of the pleadings. See e.g., *Anderson v. Shane Place*, 2017 U.S. Dist. LEXIS 65670, *6, 2017 WL 1549763 (E.D. Mich. May 1, 2017).

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party, here the Petitioner. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id*. If the movant carries its burden of showing an absence of evidence to support a claim, then the non-movant must demonstrate by affidavits, depositions, answers to

interrogatories and admissions that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. See *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

### III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the time for seeking such review expires. § 2244(d)(1)(A). That section provides the operative date from which the one-year limitations period is measured in this case. Petitioner's response to the motion to dismiss does not assert that any other starting point applies, and no other starting point appears in the record.

Under section 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Michigan Court of Appeals denied Petitioner's direct appeal on February 11, 2016. Petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court, but it was rejected as untimely. The statute of limitations therefore began running after the expiration of the time for seeking direct review, or 56-days after the Court of Appeals decision, the time with which Petitioner had to file a direct appeal in the Michigan Supreme Court. See MICH. CT. R. 7.302(C); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). That date was April 7, 2016, and the limitations period expired one-year later. Because

Petitioner appears to have mailed his petition to the Court on June 6, 2017, the action was commenced about two months after the limitations period expired.

The petition is therefore time-barred unless Petition can demonstrate grounds for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Petitioner filed a response to Respondent's motion asserting that he is entitled to equitable tolling because: (1) he is mentally incompetent to personally handle his own appeal, and (2) he was led to believe that he had 90-days following the Michigan Court of Appeals decision until the limitations period began running. The fact that Petitioner or the prisoner assisting him is untrained in the law or may have been unaware of the manner in which the statute of limitations is calculated does not warrant tolling. See *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements).

Furthermore, Petitioner's alleged intellectual disability does not present grounds for equitable tolling. A habeas petitioner's mental incompetence may constitute an extraordinary circumstance which justifies equitable tolling of the one-year period, but only if that condition prevents the timely filing of a habeas petition. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). In other words, to be entitled to equitable tolling on such a basis, a habeas petitioner must show that

he was mentally incompetent and that his mental impairment was the cause for the late filing. *Id.*; *Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010); see also *Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) ("Illness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period."). Furthermore, a mental impairment "might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance" once obtained. *Stiltner v. Hart*, 657 Fed. Appx. 513, 2016 WL 5403898, *7 (6th Cir. 2016) (quoting Bills v. Clark, 628 F.3d 1092, 1100 (9th Cir. 2010)).

Petitioner does not meet this standard. He fails to allege any facts to show that his mental health condition or the side effects of any medication were significant during the relevant time period or that they impaired his ability to timely pursue state court remedies or seek federal habeas relief in a timely manner. Indeed, the record indicates that Petitioner was able to obtain sufficient assistance while incarcerated to file a timely federal habeas petition. Instead, he or the prisoner assisting him filed three futile pleading in the state courts. Petitioner attempted to file two untimely pro se motions for reconsideration in the Michigan Court of Appeals dated April 20, 2016, and May 12, 2016. Dkt. 9-11, at 72-79. And on August 8, 2016, Petitioner was able to obtain sufficient assistance to file an untimely application for leave to appeal in the Michigan Supreme Court. Dkt. 9-12. Instead of filing these out-of-time pleadings in the state courts, Petitioner or the person assisting him could have filed a timely federal habeas petition. His failure to do so was not the result of his own mental disability, it was because he "was told that he had one year and 90-day time limit in which to file his § 2254 petition [from the Michigan Court of Appeals decision]." Dkt. 10, at 3. Such a mistaken understanding of the filing requirements does not provide a basis for equitable

tolling. *Allen*, 366 F.3d at 403; *Mendez v. Artuz*, 2000 WL 991336 (S.D.N.Y. 2000) (fellow inmate's inaccurate legal advice did not excuse petitioner from complying with § 2244(d)(1) deadline).

Moreover, Petitioner does not make any evidentiary proffer regarding the extent of his alleged intellectual or mental disability. He asserts that suffers from "mental retardation and mental incompetence," but the only evidence of record is the state court's finding that Petitioner was competent to stand trial. "[S]peculation about the impact of mental illness on the ability to timely file a habeas petition is not sufficient to warrant an evidentiary hearing." *McSwain v. Davis*, 287 F. App'x 450, 457-58 (6th Cir. 2008). Petitioner simply fails to show that any mental health issues impaired his ability to file his petition in a timely manner. Indeed, as indicated, it appears that Petitioner recognized that he would benefit from legal assistance during the relevant time period, and he obtained some assistance in filing the untimely pleadings in the state courts. Petitioner therefore fails to demonstrate that he is entitled to equitable tolling.

Accordingly, the Court will grant Respondent's motion for summary judgment and dismiss the petition.

### III. Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is

shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason could not debate the Court's procedural ruling. A certificate of appealability will therefore be denied. Leave to appeal in forma pauperis is denied because an appeal of this order could not be taken in good faith. 18 U.S.C. § 1915(a)(3).

## IV. Order

For the foregoing reasons, **IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED**, and the petition is **DISMISSED.**

**IT IS FURTHER ORDERED** that a certificate of appealability and permission for leave to appeal in forma pauperis are **DENIED.**


s/John Corbett O'Meara
United States District Judge

Date: January 31, 2018


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 31, 2018, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager